Judge Nicholas delivered
the opinion of the Court.
This was an action of trespass brought-by Hudson and wife, in which, after a trial on the general issue, they obtained a verdict and judgment.
The assignment of errors questions the sufficiency of the declaration. The first and second counts are for an assault and battery of the wife The third is, that the defendant did, with feet, hands, clubs, &c. and with force, seize, take and carry away from out of the possession of plaintiff, money, one thousand dollars, the property of the plaintiff, which he still keeps, &c.
The objection is, that there is a misjoinder of causes of action; that the declaration contains a cause of action in favor of the husband alone, together with one in favor of the husband and wife. The declaration is undoubtedly defective, if it be liable to this objection.
It is contended, that the wife’s possession, is the husband’s possession. That the wife cannot have a joint property with her husband in money, which is in the possession of either. That the third count contains no charge of an assault, on the wife, or any allegation that would admit proof of an assault. That it is merely a count for taking aud carrying
*269 away money, the whole or a part of which most be considered as belonging exclusively to the husband.
On the other hand, it is insisted, that the wife could have no constructive possession of money belonging to the husband, and therefore it must be held, that the money was in her actual possession, within her corporal touch; -and an assault on her person necessarily inferred to have happened in the seizing, taking and carrying it away, and that after verdict, we should infer that damages was given for the assault alone.
The basis of both these arguments, it will be perceived, is, that it must be taken, that the money was exclusively the property of the husband. Our reflections have led us to a different conclusion; and we shall not, therefore, stop to inquire into the relalive merit of the two argument's-, based, as we conceive them both to be, upon an erroneous tion of fact.
The money was not necessarily the exclusive property of the husband. The wife might have had a joiht property with him in it, and a joint right of action for the taking and carrying it away. They could have had a joint property in it before coverture; and in the absence of allegation to the contrary, we feel bound, in support of the verdict, to presume that the taking and carrying away occurred before coverture, which would give a clear joint right of action after the marriage. In this opinion, we feel strongly fortified, by an authority we have met vyith, in a note to Evans’ edition of balkeld, pa. 114, which is this. In replevin by baron and feme for taking their goods, after avowry for rent, non demisit pleaded in bar to the avowry and verdict for plaintiffs; it was excepted in arrest of judgment that they could not join. Lord Hardwicke said, the exception stands on this foundation, that husband and wife cannot haVe a joint property in chattels, and in general that is true, because marriage is a gift of all the chattels to the husband; but in this case it does not appear that, the taking was during the coverture, nor can we presume it was. The plaintiffs, for ought that appears, might be jointly po§ *270 sessed of these goods before marriage, and if that was the case, and they were taken before marriage, they might, after coverture, jbin in the replevin, and declare for taking the goods of husband and wife; and if there can be such case, we must take it. to he so here, because the avowry allows a property in them both.
Monroe and Brents, for plaintiff; Morehead and Brown, for defendants.
Judgment affirmed with damages and costs.